**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Frank PHILIPS, also known as Frank Scott Philips also known as Frank Philip Henley, Defendant–Appellant.**

No. 05–30496.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 11, 2006.

Filed Oct. 16, 2006.

Arlen Storm, Esq., Lisca N. Borichewski, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Anna Tolin, Esq., Seattle, WA, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, KLEINFELD and BEA, Circuit Judges.

### MEMORANDUM *

Frank Philips ("Philips") appeals his jury trial conviction and sentence for wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346, and for Social Security fraud in violation of 42 U.S.C. § 408(a)(7)(B). The conviction arose out of Philips's stealing software from his employer, Microsoft, and

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

then selling it on the Internet for his own personal gain.

On the first day of trial, the courthouse had to be evacuated because of a threat in a wholly unrelated case. After returning to the courtroom, the district court consulted with the parties, and then asked the jury as a group whether any juror had any reactions to the episode that might interfere with the ability to proceed impartially with the case. Defense counsel did not request additional or individual voir dire. None of the jurors' responses indicated any problem, but defense counsel nevertheless moved for a mistrial, and the district court denied the motion.

█ In this appeal, Philips contends that the district court erred in questioning the jurors as a group, and that the court should have questioned the jurors individually. There is no basis for our imposing such a requirement, however, as the circumstances leading up to the evacuation of the courthouse had nothing to do with this case or with conduct similar to that with which the defendant was charged. The district court acted well within its discretion in questioning the jurors as a group, particularly in the absence of any request or suggestion from either side that a different approach should have been taken. *See United States v. Olano,* 62 F.3d 1180 (9th Cir.1995).

█ Philips next contends that there was ineffective assistance of counsel when his lawyer said in opening argument that the defendant would testify, and then did not call him as a witness. If Philips wishes to maintain that this fell beneath the standard of attorney conduct and resulted in prejudice to him, he should develop the record properly in collateral proceedings. Ineffectiveness of counsel is generally not appropriate for resolution on direct appeal. *United States v. McKenna,* 327 F.3d 830, 845 (9th Cir.2003). Further, as the record now stands, Philips has not produced evidence that the decision not to testify was counseled by his attorney.

█ Finally, Philips challenges his sentence and order to repay restitution of about $600,000, contending that both were premised on an erroneous assessment of the distribution value of the stolen software, and the commensurate loss to Microsoft. The valuation in the presentence report of approximately $3,000 per copy was taken from Microsoft's own assessment of the value of its software. Philips, however, now contends that the presentence report should have used a different standard, one more favorable to the defendant, by looking to either the cost of production to Microsoft of each copy or to the value that the defendant received from selling the stolen property. Neither alternative represents the amount of the loss to Microsoft, which is in essence the wholesale value of the software. The district court did not err in accepting the calculations of the presentence report.

AFFIRMED.